**Zhozef KARAPETIAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74138.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 15, 2005.

Zhozef Karapetian, Glendale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

MEMORANDUM **

Zhozef Karapetian, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

"Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *See Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir.2000). We review for substantial evidence an adverse credibility determination. *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001).

Substantial evidence supports the IJ's adverse credibility determination based upon the omissions in Karapetian's testimony of incidents that he described in his asylum application. *See id.* at 1043. Karapetian failed to mention both that the police beat his wife and that she subse-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

quently suffered a miscarriage, and that the police arrested him in 1997 and broke his arm by throwing him out of a moving car. Because these omissions go to the heart of his asylum claim, substantial evidence supports the IJ's credibility finding. *See id.*

Because Karapetian did not establish that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

We lack jurisdiction to consider Karapetian's CAT claim because he failed to exhaust the issue with the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**